Federal District Court
State of Vermont

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 JUN 21 PM 2: 24

BY _____
DEPUTY CLERK

5   Robert Grundstein J.D.
    18 Griggs Road
    Morrisville, VT 05661
    802-696-9491/rgrunds@pshift.com

J.
Case No. 2:24-CV-685

10                     Plaintiff

vs.

Maine Board of Bar Examiners and Members in Their Individual and Official Capacities
15
    Executive Director, Melissa K. Hansen
    Chair – Christopher K. MacLean, Esq.
    Vice Chair – Jennifer Nichols Ferguson, Esq.
    Secretary – Tracy B. Collins, Esq.
20  John P. Gause, Esq.
    Paul H. Mills, Esq.
    Alison E. Tozier, Esq.
    Andrew F. Wisch, Ph.D, ABPP
    Ret. J. John David Kennedy
25  J. Catherine Connors

    P.O. Box 140
    Augusta ME 04331-0140
    execdir@mainebarexaminers.org
30
                    Defendants


            Verified Complaint for Declaratory Relief under 28 U.S.C. § 2201(a)
35                                       and
                                      Injunction




40

Robert Grundstein                          1                        Amended Complaint

1

## Statement of Jurisdiction Under 28 USC 1331 and 1367

Section 1331, Title 28 of the United States Code is the federal question jurisdiction statute and grants federal district courts original subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States.

This Complaint claims violations under the Fifth, Sixth and Fourteenth Amendments and The Contract Clause of the U.S. Constitution.

There is also Supplemental Jurisdiction under 28 U.S.C., section 1367, to examine violations of Maine State law.

## Facts

**State Bar Embargoes Successful Score without Charges, Evidence of Fault or Due Process**
**Remote Bar Exam Taken in Vermont/Documents Executed in Vermont**
**No Claims of Wrongdoing or Dishonest Behavior Filed Against Plaintiff**
**Exam Score As Property Right/Contractual Right**
**Violations of Fifth Amendment, Contract and Ex Post Facto Clauses**

1. Plaintiff took and passed the July, 2021 Maine bar exam. It was a remote exam, taken in Vermont;

2. It was a Remote Exam with pre-inspected, tested and approved audio and video security devices;

3. The exam has 3 discrete and severable portions: 1) The MPT/a written half day exam designed to test brief writing and the ability to follow instructions. 2) a half day 6 question essay exam and 3) the full day Multi-state exam.

4. It is possible to do badly or have defect on one part of the exam, and still retain enough of the remaining materials to pass the exam. It is a severable exam. Maine threw out the whole thing.

5. Plaintiff passed this exam;

6. Defendant Board of Overseers embargoed Plaintiff's score. It will not reveal or release Plaintiff's score;

7. Defendant Board did not accuse Plaintiff of malfeasance. There were no ethical claims against him. There were no accusations of cheating, importing outlines of substantive law, using crib notes or other any other device by which Plaintiff could have had an unfair advantage;

8. Defendant Board has not provided any evidence or conducted any noticed hearings with respect to this behavior;

9. The Maine board did describe a specific time during the exam at which a reason to embargo may have occurred. It did not cite a sub-portion of the MPT, essays or Multistate as a basis for the embargo;

10. They did not provide any information from Examsoft which is the repository of testing conditions and which reports anomalous testing events during and exam.

Examsoft has a complete Time Referenced record for every moment an examinee is seated before his/her computer for the Bar Exam;

11. Defendant has practiced this behavior with respect to all portions of the exam, without discriminating between the MPT, the Essays and the Multistate, all of which are separate and discrete parts of the exam;

12. The Maine board did not tell me at which time during the exam there was defect or in which specific portion of the exam...MPT, essays or multistate and on which question at which time? They did not provide any information from Examsoft which is the repository of testing conditions and which reports anomalous testing events during and exam;

13. Examsoft has continuous, real time, audio and video records for every examinee during the times he/she was before his/her computer during the exam.

14. This embargo is consistent with the misplaced malevolence in Defendant's office as administered by Melissa Hansen, director of the exam.

Plaintiff sent fees for the exam on a timely basis, but neglected to fill in the "legal line" on the check. This is the portion where the dollar amount is written in script.

The bar could have filled in this amount after a conversation with Plaintiff or corrective email but instead decided to send the check back and charge Plaintiff $200.00 late fee since a new check would arrive after the deadline.

## Substantive Constitutional and Civil Claims

### Count I
### Violation Under Fifth Amendment and "Wolff v McDonald" 418 U.S. 539
### Must Written Notice of Charges, Hearing and Opportunity to Present Evidence

#### Introduction

In many administrative hearings, lawyers and parties raise constitutional arguments. Bar matters are traditionally Administrative/quasi criminal in nature. The following authorities establish the rights of a party aggrieved by a state actor and the standards of administrative Due Process to which he/she is entitled.

#### Violations under "Wolf", ibid

1. Plaintiff recites the prior content of this Complaint;

2. Plaintiff was not given sufficient Fifth Amendment Due Process according to legal authority;

3. In "Wolff v. McDonald", 418 U.S. 539, 94 S.Ct. 2963 (1974) the court held;

a) that procedures for due process may vary depending on the situation and
b) that trial-like procedures are not always necessary;
c) The hearing may be less than the full judicial model, but it must be "some kind of hearing";
d) with the right to:
    1. Notice of the hearing
    2. Written charges
    3. Opportunity to present evidence and call witnesses

## Violations under "Goss v. Lopez", 419 U.S. 565 (1975)
### Right of Confrontation at Administrative Hearing

4. The Goss court determined that the level of due process afforded in the hearing depends on the competing interests involved…..there must be some type of hearing due to the risk of error in suspending a student and the seriousness of the potential loss of an opportunity for education. The court found sufficient due process when the students received:

   1. An opportunity for confrontation .
   2. Notice regarding the charges against them.
   3. An opportunity to present their version of events.

## Due Process Requires Impartial Decision Maker
### "Tumey v Ohio", 273 U.S. 510

5. In "Tumey v. Ohio" (1927) 273 U.S. 510, 532, the U.S. Supreme Court held that;

"[e]very procedure which would offer a possible temptation to the average man as a judge to forget the burden of proof required to convict the defendant, or which might lead him not to hold the balance nice, clear and true between the State and the accused, denies the latter due process."

## "Tumey", ibid, Applied to All State Actor Deprivation Rights Hearings and Cited in "Sabey v City of Pomona", 215 Cal. App. 4Th, 489

6. When an administrative agency conducts adjudicative proceedings, such as a disciplinary hearing, the constitutional guarantee requires a fair tribunal. A tribunal is not fair unless the judge or other decision-maker is free of bias for or against a party;

7. See "Sabey v. City of Pomona" (2013) 215 Cal. App. 4th 489 (Sabey I). The Court of Appeals held that;

"when a partner in a law firm represents a department within a city at an advisory arbitration regarding a personnel matter, and when the city's decision-making body later reviews that arbitrator's award for confirmation or rejection, the principles of due process prohibit the decision-maker from being advised on the matter by a different partner from the same law firm" (Id. at 453).

Maine Violates Standards Established in Other States
See California Procedure for Exam Disputes/State Must Prove Defect by "Clear and Convincing Evidence
Maine Procedure is Un-referenced to Written Standards/Is Misplaced Vendetta

8. California has a Constitutionally defensible set of Administrative Rules for Exam Disputes;

9. They include notice of written charges, hearing and right of appeal;

"Applicants suspected of violating exam rules will be issued a Chapter 6 Notice specifying the exam breach.
• Chapter 6 notices are then reviewed by Office of Admissions management to verify whether or not the rule violation notice should be affirmed and, if necessary, what sanction will be imposed. The State Bar has posted a separate post exam FAQ with detailed information about the guidelines used to evaluate disputable and indisputable violations.
• **Those applicants who have sanctions imposed may request an administrative hearing for disputable violations.**
• **During the hearing process, applicants will be given the opportunity to review the evidence supporting the determination of a violation and provide a response thereto.**
• Under State Bar Rules 4.71–4.74, the **State Bar has the burden of establishing by clear and convincing evidence that a violation occurred.**
• The procedure allows for disputable staff determinations to be reviewed by the Committee of Bar Examiners and ultimately the California Supreme Court

Count II
Violations Under Contracts Clause/Section 10 Clause 1
Applicable to All State Entities and Administrative Rules
"Appleby v. Delancy" 271 U.S. 403 (1926)

1. Plaintiff restates the prior content of this Complaint;

2. "SECTION 10. Clause 1. No State shall pass any………... ex post facto Law, or Law impairing the Obligation of Contracts."

3. The Maine State Bar cannot publish a rule, or in this case, pursue an unpublished policy enforced as

a rule, by which it violates the right of a Bar Examinee to not only know his score (Maine has kept

Plaintiff's secret), but also USE the score.

Bar Examinee Pays Money and Takes Exam in Exchange for Test Score

4. Plaintiff completed his application, provided the exam fee ($675.00) paid the fee to use a laptop and sat for the exam;

5. Under this circumstance he has entered into a contract with the State of Maine to receive and use his score and be able to use it without illegal obstruction.

## Count III
## Violations of Ex Post Facto Clause
## Section 10, Clause 1/U.S. Constitution

1. Plaintiff restates the prior contents of this Complaint;

2. "SECTION 10. Clause 1. No State shall pass ex post facto Law";

3. There is no administrative rule, statute or other writing which allows the Maine State Bar to embargo and refuse to reveal Plaintiff's Exam Score under these circumstances;

4. Defendant cannot embargo a score without Due Process;

5. It cannot embargo and conceal a score without a sufficient rule or statute;

6. It cannot over-punish by policy or personal decision of an administrator without reference to "A Rule of Law";

7. It cannot administer a rule in an Unconstitutional fashion;

## Count IV
## Violation of Maine State Rule 7 for Admission to the Bar
## Supplemental Jurisdiction Applies

1. Plaintiff restates the prior contents of this Complaint;

2. The Board of Overseers is compelled to reveal and release Plaintiff's Bar Score under Rule 7 of the Maine Rules for Admission to the Bar which controls exam protocol:

"RULE 7. DISCLOSURE OF INFORMATION

Except as a Justice of the Supreme Judicial Court, for good cause shown, may order, the Board shall disclose to the applicant any information in the applicant's file."

3. There has never been "good cause shown" against Plaintiff;

4. Without Due Process as described above, "good cause" has not been determined.

## Count V
## Vermont Civil Conversion

"To establish a claim for conversion, the owner of property must show only that another has appropriated the property to that party's own use and beneficial enjoyment, has exercised dominion over it in exclusion and defiance of the owner's right, or has withheld possession from the owner under a claim of title inconsistent with the owner's title. "P.F. Jurgs Co. v. O'Brien", 160 Vt. 294, (Vt. 1993).

## Facts for Count of Conversion
## Score Cannot Be Used on Applications for Admission to Other UBE States
## Defendant Has Misappropriated Plaintiff's Bar Score Which is His Personal Property

1. Defendant embargoed Plaintiff's successful bar score without notice of charges, application of any existing administrative process, without due process notice and hearing and after having admitted that Plaintiff committed no ethical or moral violations. It was an illegal act of Dominion and Control over Plaintiff's Bar Score.....committed in bad faith and with reference to law or equity;

2. Defendant did not present any evidence of defect by which Plaintiff's Bar score could be sequestered;

3. Defendant did not articulate any standards by which any alleged defect in Plaintiff's exam could be applied to his exam on a proportionate basis;

4. Defendant carelessly threw out the entire exam score despite the fact that any alleged defect may not have affected his score or that any alleged defect may have been directed towards a very small part of a very severable exam with three discreet sections: the Writing/Analysis component on the morning of

Day One, the MEE essays during the afternoon of Day One, and the MBE multiple choice which took place All Day during the Second Day of the exam;

5. It is a gruelling, expensive exam for which Plaintiff drove from Vermont in a winter storm;

6. Defendant committed an illegal act of dominion over Plaintiff's Bar score. It was done in Bad Faith, with Malice and without regard to Due Process, Equity or any notions of proportion and responsible behavior;

7. Plaintiff has been damaged by Defendant's tortious conduct. He cannot use his score to apply for state bars across the U.S.;

8. Plaintiff has an active application in a distant state and because of Defendant's tortious conduct, must spend several thousand dollars for the exam fee and travel;

9. Plaintiff must also study for the exam again. This is months of work and uncertainty.

THEREFORE:

Plaintiff asks this court to enjoin Defendant's tortious conversion of his score and provide an order by which Plaintiff can use his existing UBE score in his current and future applications to other State Bars.

## Conclusion
### Continuing Display of Bad Faith and Malice by Maine Bar Exam Administration Consistent with Punitive Application Charges Levied Against Plaintiff

1. Plaintiff sent in his application and fee for the relevant exam in a timely fashion, weeks ahead of the deadline;

2. After they arrived, Defendant notified Plaintiff that the check for his application fee was missing the script description of dollar amounts on the "Legal Line" of the check. This is the line on which a party spells in letters, the dollar amount of the check;

3. A Legal Line can be filled in by the payee with the permission of the party who drew the check;

4. Instead, Maine sent the check back by regular mail and notified Plaintiff that since a replacement check would be late, he'd have to pay an additional $150.00 (one hundred and fifty dollar) penalty;

5. This sort of bad Faith has consistently been a part of transactions with the Maine Board of Bar Examiners and Melissa Hansen/Director.

THEREFORE, Plaintiff asks for the following relief:

1. That his bar score be published and known to the public and Plaintiff.

2. For an order by which Maine is forced to remove the embargo on Plaintiff's successful bar score so it can be used in all jurisdictions;

3. For other equitable and legal relief this Court finds appropriate.

S/s Robert Harlan Grundstein
Robert H. Grundstein/J.D.
18 Griggs Road
Morrisville VT 05661
802-696-9491/rgrunds@pshift.com


## Verification

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

S/s Robert Grundstein
Robert Grundstein