UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| ROBERT GRUNDSTEIN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 2:24-cv-685 |
| MAINE BOARD OF BAR EXAMINERS; MELISSA K. HANSEN; CHRISTOPHER K. MACLEAN; JENNIFER FERGUSON; TRACY B. COLLINS; JOHN P. GAUSE; PAUL H. MILLS; ALISON E. TOZIER; ANDREW F. WISCH; JOHN DAVID KENNEDY; J. CATHERINE CONNORS, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff Robert Grundstein, a Vermont resident proceeding *pro se*, brings this action against the Maine Board of Bar Examiners ("Maine BBE") and each of its members, all in their individual and official capacities. The Court previously granted Defendants' motion to dismiss for failure to state a claim and improper venue. Now before the Court is Grundstein's motion to transfer the case to the United States District Court for the District of Maine. Construing Grundstein's motion as one for both reconsideration and transfer, the motion is **granted**.

In its most recent ruling, the Court found that Grundstein's claims against the Maine Board of Bar Examiners ("Maine BBE") are barred by sovereign immunity and dismissed the Maine BBE as a defendant. With respect to the individual defendants, each of whom are being sued in both their individual and official capacities, the Court found that Grundstein had failed to allege sufficient facts to state a plausible claim. Rather than granting leave to amend those claims, the Court concluded that venue in Vermont was improper as the "only connection to Vermont is Plaintiff's choice to take the Maine bar exam remotely. Defendants' actions that

allegedly gave rise to Plaintiff's claims all occurred outside of Vermont." ECF No. 5 at 7. The Court therefore dismissed the case without prejudice to re-filing where venue is proper and closed the case.

Grundstein now asks the Court to transfer the case to the United States District Court for the District of Maine, in part so that he does not have incur a new filing fee. Defendants argue that the case lacks merit and should not be transferred. Defendants also note that the case has been closed, and that Grundstein failed to style his motion as one for reconsideration.

Upon a finding of improper venue, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "When considering whether a transfer would serve the interest of justice, [the Court] must weigh 'the equities of dismissing a claim when it could be transferred.'" *Ruiz v. Mukasey*, 552 F.3d 269, 276 (2d Cir. 2009) (quoting *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996)). "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993).

Here, the Court first construes Grundstein's motion as one for reconsideration. *See Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007) (holding that because the case had already been closed, the district court did not abuse its discretion in construing a post-closure motion as a Rule 60(b) motion). The Court next considers the equities of dismissal as opposed to transfer. As the Court explained in its prior ruling, venue does not lie in Vermont. Instead, the facts alleged in the Complaint suggest that the action "could have been brought" in federal court in Maine, as that is where any alleged wrongdoing occurred. 28 U.S.C. § 1406(a). The Court also finds that transfer is in the interest of justice, as the parties should not have to start anew with respect to administrative fees and the filing of pleadings. *Minnette*, 997 F.2d at 1027 ("the

functional purpose of 28 U.S.C. § 1406(a) is to eliminate impediments to the timely disposition of cases and controversies on their merits"). If Defendants continue to pursue dismissal, their arguments may be considered by a federal judge in Maine without questions of venue or personal jurisdiction complicating the analysis.

Accordingly, the motion to transfer venue (ECF No. 7) is **granted**, and this case is transferred to the United States District Court for the District of Maine.

Dated at Burlington, in the District of Vermont, this 4th day of August 2025.

                                               /s/ William K. Sessions III
                                              Hon. William K. Sessions III
                                              United States District Court Judge